**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORHTERN DISTRICT OF ILLINIOS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **GRZEGORZ BODUCH, individually and on behalf of others similarly situated,** | ) ) ) | |
| **Plaintiff,** | ) ) | |
| **vs.** | ) ) | **No. 24-cv-02701** |
| **TAKEYA USA CORPORATION and COSTCO WHOESALE CORPORATION,** | ) ) ) | |
| **Defendants.** | ) ) | |

**ANSWER TO CLASS ACTION COMPLAINT**

NOW COMES the Defendant, TAKEYA USA CORPORATION, by its attorneys,

MARZULLO & ASSOCIATES, and for its Answer to Class Action Complaint, states:

**INTRODUCTION**

1.      On December 10, 2023, the lid of a ThermoFlask bottle filled with hot water burst open and severely scalded Plaintiff's hand.

**ANSWER:**      Deny.

2.      Plaintiff's doctors have indicated that Plaintiff will suffer the consequences of the severe burns for life, including permanent nerve damage, pain, scarring and sensitivity to cold.

**ANSWER:**      Deny.

3.      Plaintiff is not alone. Tens of thousands of consumers have purchased defectively designed ThermoFlask water bottles without adequate warnings. On information and belief, many consumers, like Plaintiff, have already sustained injuries. All of them are in danger of sustaining injuries in the future.

**ANSWER:**      Deny.

4.      Accordingly, Plaintiff brings this complaint on behalf of himself and on behalf of all consumers who have purchased ThermoFlask water bottles within the applicable limitations period.

**ANSWER:**    Deny.

## PARTIES

5.    Plaintiff Grzegorz Boduch is a resident of Illinois.

**ANSWER:**    This Defendant denies sufficient information to form a belief as to the truth or falsity of the allegations of this paragraph and therefore neither admits nor denies the same but demands strict proof thereof.

6.    Defendant Takeya USA Corporation is a corporation organized and existing under the laws of the State of California with its principal place of business in Costa Mesa, California. Takeya sells ThermoFlask water bottles to retailers within this District, including Defendant Costco.

**ANSWER:**    Admit.

7.    Defendant Costco Wholesale Corporation is a corporation organized and existing under the laws of the State of Washington with its principal place of business in Issaquah, Washington. Costco operates retail stores and sells ThermoFlask water bottles to consumers within this District.

**ANSWER:**    Upon information and belief this Defendant admits that Costco is a Washington corporation with its principal place of business in Washington.  This Defendant denies selling its product directly to Costco retailers in this federal district.

## JURISDICTION AND VENUE

8.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different States.

**ANSWER:**    Admit upon information and belief.

9.    Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this District.

**ANSWER:**    Deny.

## FACTUAL BACKGROUND

10.     Plaintiff suffered severe burn injuries as a result of the conduct of Defendants Takeya and Costco. Specifically, Takeya designed and manufactured a defective product, Costco sold a defective product, and both Defendants failed to adequately warn Plaintiff and consumers in general of the dangers of the product.

**ANSWER:**     Deny.

## DEFENDANT TAKEYA'S THERMOFLASK WATER BOTTLE

11.     Defendant Takeya designs and manufactures ThermoFlask water bottles.

**ANSWER:**     Admit design and deny manufacturing.

12.     On its website, Takeya indicates that ThermoFlask bottles are designed in California and manufactured in China: "All ThermoFlask bottles are designed in California and manufactured in China." https://mythermoflask.com/apps/help-center#hc-where-arethermoflask-bottles-manufactured (last visited April 3, 2024).

**ANSWER:**     Admit.

13.     Takeya recognizes that ThermoFlask bottles pose a danger to consumers. On the FAQ pages of its website, Takeya warns as follows: "Always use caution when using with hot liquids. Never use with liquids hot enough to scald as hot liquids and steam can cause burns. Hot liquids may cause pressure to build up within the bottle causing the bottle to leak or spray when opening, especially in high altitudes, like in an airplane, or when hot contents have been shaken. Allow hot liquids to rest before opening." https://mythermoflask.com/apps/help-center#productuse-warnings (last visited April 3, 2024)

**ANSWER:**     Admit the warnings. Deny that the product poses a danger to consumers.

14.     Takeya's warning is woefully inadequate for a number of reasons.

**ANSWER:**     Deny.

15.     First, inexplicably, Takeya places its warning only on its website, where most consumers are sure to never see it given that the typical consumer is highly unlikely to take the time to scour a manufacturer's website for instructions and warnings that are not included with the product being purchased. This is especially true when there is no instruction included with the product directing the consumer to seek out warnings on the manufacturer's website.

**ANSWER:**     Deny in the context of the allegations of par. 13. Further deny that warnings are not provided with the product.

16.     Second, while the fact that hot water can scald is obvious to most consumers, the fact that hot liquids can cause a pressure increase inside a ThermoFlask bottle sufficient to dislodge the cap is a latent danger that is not open and obvious and is not within the realm of knowledge of the ordinary consumer. Takeya recognizes this because it includes a warning on its website. But for the warning to be effective, Takeya should have included it with the product itself, rather than hiding it on a website where it was unlikely to ever be seen by virtually any consumer. And this step is neither difficult nor expensive, and could likely have been accomplished by simply including a note inside each new ThermoFlask bottle setting forth an appropriate warning.

**ANSWER:**     Deny.

17.     *Third*, Takeya's failure to provide adequate warnings is particularly troublesome given that Takeya markets the ThermoFlask bottle for the specific purpose of keeping liquids "hot," thereby encouraging consumers to fill the bottles with hot liquids: "Our intelligent TempLock™ technology is engineered to lock in the temperature. It will keep the perfect temperature, just as you want. That's how we truly elevate your life's adventures: cold or hot, hour after hour, step after step." https://mythermoflask.com/ (last visited April 3, 2024); "How long do ThermoFlask bottles keep liquids hot and cold? Our bottles keep liquids cold for up to 24 hours and hot for up to 12." https://mythermoflask.com/apps/help-center#hc-how-long-do-your-bottleskeep-liquids-hot-and-cold (last visited April 3, 2024).

**ANSWER:**     Deny the first sentence of this paragraph. Admit the remaining allegations as of the date alleged in par. 17.

18.     Fourth, the ThermoFlask water bottle is defectively designed. Takeya indicates on its website that ThermoFlask bottles are made of stainless steel, while lids are made of plastic: "All ThermoFlask bottles are made of food-grade 18/8 stainless steel and feature a durable powder-coated finish. The lids are made of BPA-Free plastic (PP#5) and feature silicone o-rings to create a leak-proof seal." https://mythermoflask.com/apps/help-center#what-are-thermoflaskbottles-made-of (last visited April 3, 2024). Stainless steel and plastic expand at different rates when subjected to heat. Accordingly, the fit between the bottle and the lid, which is close-fitting at room temperature, is prone to failure as the steel and plastic expand at different rates when a ThermoFlask bottle is filled with hot liquids. This problem is exacerbated by the fact that, through about 25% of the circumference, ThermoFlask bottles have only two threads joining the bottle with the lid, and through approximately 75% of the circumference, ThermoFlask bottles have only one thread joining the bottle with the lid, which only increases the probability of lid separation at high temperatures. Moreover, ThermoFlask lids are manufactured using inferior plastic not suited to withstand the pressures associated with high temperature liquids.

4

**ANSWER:**    Deny.


19.    In short, Takeya encourages consumers to fill ThermoFlask bottles with hot liquids, all the while failing to properly design the bottles to contain hot liquids and failing adequately to warn consumers of the dangers of filling the bottles with such liquids. Under these circumstances, it should come as no surprise that consumers—like Mr. Boduch here—will suffer easily avoidable injuries.

**ANSWER:**    Deny.


**DEFENDANT COSTCO**

20.    Defendant Costco sells ThermoFlask bottles to consumers and sold to Mr. Boduch the ThermoFlask bottle that is the subject of this Complaint.

**ANSWER:**    This defendant denies sufficient information to form a belief as to the truth or falsity

of the allegations of this paragraph and therefor neither admits nor denies the same but demands

strict proof thereof.


21.    While Costco did not design the ThermoFlask water bottle, Costco actively markets the bottle on its website and specifically advertises that one of the features of the ThermoFlask water bottle is that it can keep liquids hot for 12 hours: "Double wall, vacuum Insulated, keeps your drinks cold for up to 24 hours or hot for up to 12 hours." https://www.costco.com/thermoflask-40oz-stainless-steel-bottles%2c-2-pack.product.4000250172.html (last visited April 3, 2024)

**ANSWER:**    his defendant denies sufficient information to form a belief as to the truth or falsity

of the allegations of this paragraph and therefor neither admits nor denies the same but demands

strict proof thereof


22.    In fact, Defendant Costco goes one step further and tells consumers that ThermoFlask water bottles are intended for piping hot liquids: "Double-wall vacuum insulation keeps the bottle sweat-free and keeps liquids ice cold for up to 24 hours or piping hot for up to 12." https://www.costco.com/thermoflask-40oz-stainless-steel-bottles%2c-2-pack.product.4000250172.html (last visited April 3, 2024).

**ANSWER:**    This defendant denies sufficient information to form a belief as to the truth or falsity of the allegations of this paragraph and therefor neither admits nor denies the same but demands strict proof thereof

23.    Yet, even though it encourages consumers to fill ThermoFlask bottles with piping hot liquids, Costco fails to provide any warnings at all about the dangers of doing so.

**ANSWER:**    This defendant denies sufficient information to form a belief as to the truth or falsity of the allegations of this paragraph and therefor neither admits nor denies the same but demands strict proof thereof.

24.    In short, while Costco does not manufacture ThermoFlask water bottles, just like Defendant Takeya, it encourages consumers to fill ThermoFlask bottles with hot liquids while failing to warn consumers of the dangers of doing so. Again, it should come as no surprise that, under these circumstances, consumers—like Mr. Boduch here—will suffer easily avoidable injuries.

**ANSWER:**    Deny.

**PLAINTIFF'S ORDEAL**

25.    Plaintiff is a commercial truck driver and often takes a water bottle with him when he sets out on lengthy inter-state trips.

**ANSWER:**    This defendant denies sufficient information to form a belief as to the truth or falsity of the allegations of this paragraph and therefor neither admits nor denies the same but demands strict proof thereof.

26.    On April 3, 2022, Plaintiff attended the Costco located at 8400 W. North Avenue in Melrose Park, Illinois and purchased a 40 ounce-size ThermoFlask water bottle designed and manufactured by Defendant Takeya.

**ANSWER:**    This defendant denies sufficient information to form a belief as to the truth or falsity of the allegations of this paragraph and therefor neither admits nor denies the same but demands strict proof thereof.

27.     The ThermoFlask water bottle did not come with any warnings and did not direct Plaintiff to any websites or other locations where warnings were set forth. Accordingly, Plaintiff was not aware of any warnings and did not see the warning on Takeya's website.

**ANSWER:**     Deny.

28.     On December 10, 2023, Plaintiff was driving his semi-truck on a route that took him to through New York state.

**ANSWER:**     This defendant denies sufficient information to form a belief as to the truth or falsity of the allegations of this paragraph and therefor neither admits nor denies the same but demands strict proof thereof.

29.     At approximately 7:00 a.m. in the morning, Plaintiff pulled into the Love's Truck Stop in Bath, New York.

**ANSWER:**     This defendant denies sufficient information to form a belief as to the truth or falsity of the allegations of this paragraph and therefor neither admits nor denies the same but demands strict proof thereof.

30.     Plaintiff parked his truck and, having finished his driving shift, went to sleep.

**ANSWER:**     This defendant denies sufficient information to form a belief as to the truth or falsity of the allegations of this paragraph and therefor neither admits nor denies the same but demands strict proof thereof.

31.     He woke up in the afternoon and proceeded into the Love's convenience store to purchase a meal and to fill his ThermoFlask with hot water to make tea.

**ANSWER:**     This defendant denies sufficient information to form a belief as to the truth or falsity of the allegations of this paragraph and therefor neither admits nor denies the same but demands strict proof thereof.

32.     Inside the convenience store, Plaintiff selected a salad and then proceeded to the water dispenser and filled his ThermoFlask with hot water. He properly closed the lid of the

ThermoFlask, proceeded to the cashier, paid for his purchases and, holding his salad in one hand, and the ThermoFlask in the other, proceeded toward the exit doors.

**ANSWER:**    This defendant denies sufficient information to form a belief as to the truth or falsity of the allegations of this paragraph and therefor neither admits nor denies the same but demands strict proof thereof.

33.    Before Plaintiff could make it to the exit doors, the ThermoFlask bottle's lid burst open and spilled scalding hot water on Plaintiff's hand. This was the subsequent result:



**ANSWER:**    Deny.

34.    Plaintiff sustained severe burns to his hand. Once he returned home, he went to the nearest hospital. Plaintiff was hospitalized for five days. He was unable to work for more than two months. Plaintiff's physicians have advised Plaintiff that he will have permanent nerve damage, which will likely interfere with his ability to continue his occupation as a truck driver. Plaintiff will have other repercussions for the remainder of his life, including pain, scarring, and sensitivity to cold.

**ANSWER:**    Deny.

35.     Plaintiff's injuries were caused by the conduct of both Defendants. Defendant Takeya designed ThermoFlask water bottles defectively, Defendant Costco sold defective ThermoFlask water bottles, and both Defendants failed to properly warn Plaintiff—and all other consumers—of the dangers of filling ThermoFlask water bottles with hot water, all the while encouraging consumers to do so.

**ANSWER:**     Deny.

## CLASS ALLEGATIONS

36.     Plaintiff was not alone. Tens of thousands of consumers have purchased defective ThermoFlask water bottles without sufficient warnings. On information and belief, many consumers, like Plaintiff, have already sustained injuries. And all of them are in danger of sustaining injuries in the future.

**ANSWER:**     Deny.

37.     Accordingly, Plaintiff brings this complaint on behalf of himself and on behalf of all Illinois consumers who have purchased ThermoFlask water bottles within the applicable limitations period.

**ANSWER:**     Deny that plaintiff is representative of any class.

38.     Pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(c)(4), Plaintiff brings this action on behalf of classes of all other similarly situated persons defined as follows:

Class 1 (Defective Design) – Purchasers of ThermoFlask Water Bottles

All (1) Illinois purchasers of ThermoFlask water bottles (2) within the applicable limitations period.

Subclass 1A (Defective Design) – Purchasers of ThermoFlask Water Bottles from Costco

All (1) Illinois purchasers of ThermoFlask water bottles (2) from Costco (3) within the applicable limitations period.

Class 2 (Failure to Warn) – Purchasers of ThermoFlask Water Bottles

All (1) Illinois purchasers of ThermoFlask water bottles (2) within the applicable limitations period (3) where the bottle did not include a warning about the danger associated with filling the bottle with hot liquids.

Subclass 2A (Failure to Warn) – Purchasers of ThermoFlask Water Bottles from Costco

9

All (1) Illinois purchasers of ThermoFlask water bottles (2) from Costco (3) within the applicable limitations period (4) where the bottle did not include a warning about the danger associated with filling the bottle with hot liquids.

**ANSWER:**     Defendant is not required to make any answer to the Rule by which the Plaintiff

claims to prosecute this lawsuit. Defendant denies the underlying allegations of wrongful conduct.

39.     Excluded from the classes are Defendants, any entities in which Defendants have a controlling interest, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

**ANSWER:**     Defendant is not required to make an answer to this allegation of plaintiff's intent.

40.     *Numerosity* – The precise number of class members is unknown at this time but can be identified through Defendants' own records that will be obtained through discovery. The putative classes are expected to contain thousands of members. Individual joinder of class members is impracticable.

**ANSWER:**     Deny.

41.     *Commonality* – There are questions of law and fact common to the claims of the Plaintiff and class members that will predominate over questions affecting only individual class members, including but not limited to the following:

a.     Whether ThermoFlask water bottles are defectively designed.
b.     Whether Defendant Takeya failed to provide adequate warnings of the risks associated with ThermoFlask water bottles.
c.     Whether Defendant Costco failed to provide adequate warnings of the risks associated with ThermoFlask water bottles.
d.     Whether ThermoFlask water bottles are fit for the ordinary purposes for which such goods are used.

**ANSWER:**     Deny.

42.     *Typicality* – The claims brought by Plaintiff are typical of the claims of the proposed classes because class members were exposed to the same conduct and same actions by Defendants that led to the claims brought by Plaintiff. The class members and Plaintiff were victims of the same violations by Defendants.

**ANSWER:**     Deny.

43. *Adequacy of Representation* – Plaintiff is a member of the proposed classes and will fairly and adequately protect the interests of the classes. Plaintiff's counsel are experienced class action lawyers and will fairly and adequately protect the interests of the classes. There are no disabling conflicts of interest that would be antagonistic to other members of the classes.

**ANSWER:**   Deny.

44. *Injunctive Relief* – Defendants' actions apply equally to all class members as all class members have been harmed by Defendants' past and continuing failure to properly design ThermoFlask water bottles and to provide adequate warnings to consumers. Accordingly, final injunctive relief or corresponding declaratory relief is appropriate with respect to the classes as a whole.

**ANSWER:**   Deny.

45. *Particular Issue Class* – Plaintiff excludes from this putative class action any request for damages on behalf of class members other than injunctive and declaratory relief and, pursuant to Federal Rule of Civil Procedure 23(c)(4), seeks to certify the following questions for the Court's determination as "particular issues classes":

- Whether ThermoFlask water bottles are defectively designed.
- Whether Defendant Takeya failed to provide adequate warnings of the risks associated with ThermoFlask water bottles.
- Whether Defendant Costco failed to provide adequate warnings of the risks associated with ThermoFlask water bottles.
- Whether ThermoFlask water bottles are fit for the ordinary purposes for which such goods are used.

**ANSWER:**   Deny.

### COUNT I: STRICT LIABILITY: DESIGN DEFECT
### (AGAINST DEFENDANT TAKEYA USA CORPORATION)

46. Plaintiff hereby incorporates by reference paragraphs 1 through 45 above as if fully set forth herein.

**ANSWER:**   Defendant incorporates its answers to paragraphs 1-45 as though fully set forth

herein.

47. Defendant Takeya designed, manufactured, marketed, and sold the ThermoFlask water bottles that were purchased by Plaintiff and class members.

**ANSWER:**    This defendant denies manufacturing the Thermoflask water bottles. As to the

remaining allegations of this paragraph this defendant answers: This defendant denies sufficient

information to form a belief as to the truth or falsity of the allegations of this paragraph and therefor

neither admits nor denies the same but demands strict proof thereof.

48.    The ThermoFlask water bottles were in an unsafe, defective, and unreasonably dangerous condition due to their design at the time they left Defendant Takeya's control. In particular, the ThermoFlask water bottles were defectively designed because they are susceptible to bursting when filled with hot liquid.

**ANSWER:**    Deny.

49.    ThermoFlask water bottles are unreasonably dangerous as designed because they do not perform as safely as ordinary consumers, including Plaintiff and class members, would expect when used in an intended or reasonably foreseeable manner.

**ANSWER:**    Deny.

50.    ThermoFlask water bottles are unreasonably dangerous as designed because the danger inherent in their design outweighs the benefits of that design.

**ANSWER:**    Deny.

51.    Defendant Takeya caused the ThermoFlask bottles to enter the stream of commerce and to be sold to consumers, including Plaintiff and class members, through a variety of channels, including through direct sales to consumers through retail stores, including Costco.

**ANSWER:**    This defendant denies sufficient information to form a belief as to the truth or falsity

of the allegations of this paragraph and therefor neither admits nor denies the same but demands

strict proof thereof.

52.    The ThermoFlask water bottles were expected to, and did, reach consumers, including Plaintiff and class members, without substantial change in the condition in which they were manufactured and sold or otherwise released into the stream of commerce by Defendant Takeya.

**ANSWER:**     Defendant admits that it expected the ThermoFlasks to reach consumers without substantial change, however this Defendant further answers This defendant denies sufficient information to form a belief as to the truth or falsity of the remaining allegations of this paragraph and therefor neither admits nor denies the same but demands strict proof thereof.

53.     Plaintiff and class members used the ThermoFlask water bottles for the purposes and in a manner normally intended, recommended, promoted, and marketed by Defendant Takeya.

**ANSWER:**     Deny.

54.     Defendant Takeya knew that the ThermoFlask water bottles were in a defective condition as a result of their design, and were unreasonably dangerous when used in an intended or reasonably foreseeable manner.

**ANSWER:**     Deny.

55.     At all times material to Plaintiff's and class members' claims, there were technologically and economically feasible safer alternative designs that would have prevented or substantially reduced the risk to Plaintiff and class members without substantially impairing the utility of ThermoFlask water bottles.

**ANSWER:**     Deny.

56.     As a direct and proximate result of ThermoFlask water bottles' defective design, Plaintiff and class members suffered serious injury, harm, damages, economic and non-economic loss and will continue to suffer such harm, damages, and losses in the future.

**ANSWER:**     Deny.

### COUNT II: STRICT LIABILITY: FAILURE TO WARN
### (AGAINST DEFENDANT TAKEYA USA CORPORATION)

57.     Plaintiff hereby incorporates by reference paragraphs 1 through 45 above as if fully set forth herein.

**ANSWER:**     Defendant incorporates its answers to paragraphs 1-45 as though fully set forth herein.

58.     Defendant Takeya designed, manufactured, marketed, and sold the ThermoFlask water bottles that were purchased by Plaintiff and class members. The ThermoFlask water bottles were in an unsafe, defective, and unreasonably dangerous condition at the time they left Defendant Takeya's control because they were not accompanied by adequate warnings.

**ANSWER:**     Deny.

59.     In particular, Defendant Takeya knew that ThermoFlask water bottles could cause serious injuries when used in an intended or reasonably foreseeable manner, including when filled with hot liquid. Defendant Takeya failed to give appropriate and adequate warning of such risks. In fact, Defendant Takeya continues to this day to sell ThermoFlask water bottles to consumers without adequate warnings of the risks associated with their use.

**ANSWER:**     Deny.

60.     If Defendant Takeya had warned Plaintiff and class members that use of ThermoFlask water bottles in an intended or reasonably foreseeable manner would increase their risk of being seriously injured, Plaintiff and class members would not have purchased or used ThermoFlask water bottles.

**ANSWER:**     Deny.

61.     Defendant Takeya caused ThermoFlask water bottles to enter the stream of commerce and to be sold to consumers, including Plaintiff and class members, through a variety of channels, including through direct sales to consumers through retail stores, including Costco.

**ANSWER:**     Defendant admits that it expected the ThermoFlasks to reach consumers . However this Defendant further answers This defendant denies sufficient information to form a belief as to the truth or falsity of the remaining allegations of this paragraph and therefor neither admits nor denies the same but demands strict proof thereof.

62.     The ThermoFlask water bottles were expected to, and did, reach consumers, including Plaintiff and class members, without substantial change in the condition in which they were designed, manufactured and sold or otherwise released into the stream of commerce by Defendant Takeya.

**ANSWER:**     This defendant denies sufficient information to form a belief as to the truth or falsity of the allegations of this paragraph and therefor neither admits nor denies the same but demands strict proof thereof.

63.     Plaintiff and class members used the ThermoFlask water bottles for the purposes and in a manner normally intended, recommended, promoted, and marketed by Defendant Takeya.

**ANSWER:**     Deny.

64.     As a direct and proximate result of Defendant Takeya's failure to warn consumers of the dangers associated with ThermoFlask water bottles, Plaintiff and class members suffered serious injury, harm, damages, economic and non-economic loss and will continue to suffer such harm, damages, and losses in the future.

**ANSWER:**     Deny.

### COUNT III: NEGLIGENCE
### (AGAINST DEFENDANT TAKEYA USA CORPORATION)

65.     Plaintiff hereby incorporates by reference paragraphs 1 through 45 above as if fully set forth herein.

**ANSWER:**     Defendant incorporates its answers to paragraphs 1-45 as though fully set forth herein.

66.     Defendant Takeya designed, manufactured, marketed and sold the ThermoFlask water bottles that were purchased by Plaintiff and class members.

**ANSWER:**     This Defendant denies manufacturing the ThermoFlask bottles. This Defendant denies sufficient information to form a belief as to the truth or falsity of the remaining allegations of this paragraph and therefor neither admits nor denies the same but demands strict proof thereof.

67.     At all relevant times, Defendant Takeya had a duty to exercise reasonable care in the design, manufacture, marketing, advertisement, supply, promotion, packaging, sale, and/or distribution of ThermoFlask water bottles, including a duty to take all reasonable steps necessary to design, manufacture, market, promote and/or sell a product that was not unreasonably dangerous to consumers and users of the product.

**ANSWER:**     This Defendant only admits to those duties imposed upon it by law and none other. Further defendant denies breaching any such duties.

68.     At all relevant times, Defendant Takeya had a duty to exercise reasonable care in the design, manufacture, marketing, advertisement, supply, promotion, packaging, sale, and/or

distribution of ThermoFlask water bottles, including a duty to provide accurate, true, and correct information concerning the risks of using ThermoFlask bottles and appropriate, complete, and accurate warnings concerning the potential dangers associated with using ThermoFlask water bottles, in particular, their capacity to burst when filled with hot liquid.

**ANSWER:**     This Defendant only admits to those duties imposed upon it by law and none other.

Further defendant denies breaching any such duties.


69.     At all relevant times, Defendant Takeya knew or, in the exercise of reasonable care, should have known of the hazards and dangers of ThermoFlask water bottles, specifically, their capacity to burst when filled with hot liquid.

**ANSWER:**     Deny.


70.     Defendant Takeya also knew or, in the exercise of reasonable care, should have known that users and consumers of ThermoFlask water bottles were unaware of the risks and the magnitude of the risks associated with use of ThermoFlask bottles.

**ANSWER:**     Deny.


71.     As such, Defendant Takeya breached its duty of reasonable care and failed to exercise ordinary care in the design, manufacture, marketing, sale and/or distribution of ThermoFlask water bottles, in that Defendant Takeya designed, manufactured, marketed and sold ThermoFlask water bottles, which carry the potential to burst when filled with hot liquid; knew or had reason to know of the defects inherent in ThermoFlask water bottles; knew or had reason to know that users' or consumers' use of ThermoFlask water bottles created a significant risk of harm; and failed to prevent or adequately warn of these risks and injuries.

**ANSWER:**     Deny.


72.     Defendant Takeya knew and/or should have known that it was foreseeable consumers such as Plaintiff and class members would suffer injuries as a result of Defendant's failure to exercise ordinary care in the design, manufacture, marketing, distribution, and/or sale of ThermoFlask water bottles.

**ANSWER:**     Deny.


73.     As a direct and proximate result of Defendant Takeya's negligent conduct, Plaintiff and class members suffered serious injury, harm, damages, economic and non-economic loss and will continue to suffer such harm, damages, and losses in the future.

**ANSWER:**     Deny.

## COUNT IV: NEGLIGENCE
## (AGAINST DEFENDANT COSTCO WHOLESALE CORPORATION)

This defendant, Takeya USA Corporation, makes no answer to the allegations of this Count

IV since this Count IV is not directed against it.

## COUNT V: BREACH OF IMPLIED WARRANTY
## (AGAINST DEFENDANT TAKEYA USA CORPORATION AND DEFENDANT
## COSTCO WHOLESALE CORPORATION)

83.     Plaintiff hereby incorporates by reference paragraphs 1 through 45 above as if fully
set forth herein.

**ANSWER:**     Defendant incorporates its answers to paragraphs 1-45 as though fully set forth

herein.

84.     Defendant Takeya designed, manufactured, marketed and sold the ThermoFlask water

bottles that were purchased by Plaintiff and class members.

**ANSWER:**     This Defendant denies manufacturing the Thermoflask bottles. This Defendant

denies sufficient information to form a belief as to the truth or falsity of the remaining allegations

of this paragraph and therefor neither admits nor denies the same but demands strict proof thereof.

85.     Defendant Costco marketed and sold the ThermoFlask water bottles that were
purchased by Plaintiff and class members.

**ANSWER:**     This Defendant denies sufficient information to form a belief as to the truth or

falsity of the allegations of this paragraph and therefor neither admits nor denies the same but

demands strict proof thereof.

86.     Defendants are and at all relevant times were merchants within the meaning of 810
ILCS 5/2-104(1).

**ANSWER:**     Admit as to this Defendant only.

87.    Defendants provided Plaintiff and other class members with an implied warranty of merchantability within the meaning of 810 ILCS 5/2-314. In particular, Defendants warranted that ThermoFlask water bottles were "fit for the ordinary purposes for which such goods are used." 810 ILCS 5/2-314(2)(c).

**ANSWER:**    This Defendant denies sufficient information to form a belief as to the truth or falsity of the allegations of this paragraph and therefor neither admits nor denies the same but demands strict proof thereof.

88.    Defendants breached the implied warranty of merchantability because ThermoFlask bottles are not fit for the ordinary purpose for which such goods are used and were not fit for the ordinary purpose for which such goods are used at the time of sale. As described throughout the Complaint, the ThermoFlask bottles contain defects which render them unsafe, defective, and unreasonably dangerous, specifically, their capacity to burst when filled with hot liquid.

**ANSWER:**    Deny.

89.    As a direct and proximate result of Defendants' breaches of warranty, Plaintiff and class members suffered serious injury, harm, damages, economic and non-economic loss and will continue to suffer such harm, damages, and losses in the future.

**ANSWER:**    Deny.

Wherefore, this Defendant, Takeya USA, by and through its attorneys, Marzullo & Associates respectfully requests this Honorable Court enter judgment in its favor and against the plaintiffs together with costs for defending this wrongfully filed lawsuit.

ThisDefendant demand trial by jury on all issues.

18

## AFFIRMATIVE DEFENSES

NOW COMES the Defendant, TAKEYA USA CORPORATION, by its attorneys, MARZULLO & ASSOCIATES, and for its Affirmative Answers to the Class Action Complaint, states:

### A. Boduch

At the time and place alleged in Plaintiff's complaint at Law he was there and then guilty of the following wrongful acts:

1. At the time and place alleged the plaintiff assumed the risk of placing scalding water into the subject water bottle.

2. At the time and place alleged the plaintiff unforeseeably used the water bottle with scalding water, although the danger of doing so was an open and obvious danger and the potential harm thereof common knowledge.

3. At the time and place complained the plaintiff filled, or overfilled the subject bottle with scalding water when he knew or should have known of the danger created.

4. At the time and place alleged the plaintiff failed to inspect the subject bottle for normal wear and tear to the bottle, lid and O-rings.

5. At the time and place alleged the plaintiff failed to fully tighten or seal the lid on the subject bottle.

6. At the time and place the plaintiff failed to follow the instructions provided for use of the subject bottle.

7. At the time and place alleged there were no implied warranties as to the use of scalding water in the subject bottle.

8. At the time and place alleged there were express warranties which affirmatively disclaimed implied warranties and excluded "wear and tear" on the subject bottle.

9. At the time and place alleged the plaintiff misused the product, and/or was in noncompliance with the conditions of the warranty.

10. That to the extent that plaintiff's wrongful actions contributed to the occurrence complained, that he be denied any recovery whatsoever, or in the alternative that if his own wrongful acts constitute 50% of less of the prorate share of fault that any judgment rendered be reduced according to the amount of fault attributed to the plaintiff.

**B. Class Action**

C. Plaintiff has not satisfied the numerosity requirement for class action.

D. Plaintiff has not satisfied actual damages among persons of the alleged class.

E. Plaintiff has not shown that he is representational of the class.

F. Plaintiff has not shown that the purported class has suffered damages.

Wherefore, this Defendant, Takeya USA, by and through its attorneys, Marzullo & Associates respectfully requests this Honorable Court enter judgment in its favor and against the plaintiffs together with costs for defending this wrongfully filed lawsuit.

This Defendant demand trial by jury on all issues.

Respectfully submitted,

By: ___/s/ Eric A. Krumdick_____
      Eric A. Krumdick
      Attorney for Takeya USA Corporation

Eric A. Krumdick – 6190791
MARZULLO & ASSOCIATES
**Mailing Address**:
P.O. Box 64093
St. Paul, MN  55164-0093
(312) 458-6500

ekrumdic@travelers.com
General E-Mail: 133Law1@Travelers.com

## CERTIFICATE OF SERVICE

On May 2, 2024, I electronically filed the above document with the United States District Court, Northern District of Illinois, Eastern Division. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties that have not filed their appearance will receive this notice via regular email. Parties may access this filing though the Court's electronic system.

/s/Eric A. Krumdick