**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORHTERN DISTRICT OF ILLINIOS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **GRZEGORZ BODUCH, individually and on behalf of others similarly situated,** | ) | |
| **Plaintiff,** | ) | |
| **vs.** | ) | **No. 24-cv-02701** |
| **TAKEYA USA CORPORATION and COSTCO WHOLESALE CORPORATION,** | ) | |
| **Defendants.** | ) | |

**PLAINTIFF GRZEGORZ BODUCH'S MOTION TO COMPEL AND DE-DESIGNATE**

Plaintiff Grzegorz Boduch moves to compel Takeya USA Corporation ("Takeya") and Costco Wholesale Corporation ("Costco," together with Takeya, "Defendants") to produce unredacted versions of documents that were improperly redacted based on relevance. Federal courts have consistently disfavored this practice, holding that relevance redactions incentivize a producing party to hide as much as they can and deprive the requesting party of the full context of the responsive material. Here, it appears Defendants redacted information for this exact reason. Moreover, such redactions are especially improper where a protective order—like the one entered in this case—explicitly prohibits the practice.

Indeed, Defendants' redactions in their recent December 19, 2024 production are particularly egregious. There, Defendants produced a heavily redacted product testing report (the "February 2022 Report"), despite prior counsel having previously produced the same report without redactions. A comparison reveals that the newly applied redactions conceal highly relevant information to this products liability case – specifically, [redacted] These selective and improper

redactions obstruct Plaintiff's ability to assess key evidence, prejudices his case preparation, and show that Defendants cannot be trusted to be the sole arbiter of relevancy.

Compounding these discovery violations, Defendants also designated every document in their production as confidential without any legitimate basis. These blanket designations contradict the spirit of the Agreed Confidentiality Order in this case, which limits confidentiality designations to specific, enumerated categories. Accordingly, Plaintiff also requests that the Court compel Defendants to review their December production and remove all improper confidentiality designations.

For these reasons, Plaintiff requests that this Court hold:

1. Defendants are to re-produce documents without redactions, unless the redactions conceal attorney-client privileged and/or material constituting attorney work product.
2. Defendants are to re-produce documents without improper confidentiality designations in accordance with the Agreed Confidentiality Order.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff initiated this putative class action against Takeya, the designer and manufacturer of ThermoFlask bottles, and Costco, the retailer that sold the ThermoFlask bottles to Plaintiff and others. (Dkt. 1). Plaintiff claims, among other things, that Takeya designed defective ThermoFlask bottles, and both Defendants failed to provide adequate warnings to Plaintiff and others about the dangers of the ThermoFlask. (*Id.* ¶ 10). As a result, Plaintiff sustained injuries after his ThermoFlask bottle malfunctioned and exploded when filled with scalding water. (*Id.* ¶ 33.)

On December 19, 2024, Defendants produced approximately 132,000 pages of documents in response to the Requests. Unfortunately, the December production is riddled with discovery deficiencies. Many of the documents contain redactions based on non-relevancy and

purported sensitivity[1], which are prohibited under the Agreed Confidentiality Order. (*See* Dkt. 27 ¶ 8 ("No Greater Protection of Specific Documents")). In addition, every document in the December production is designated as confidential even where a document falls outside of the protected categories enumerated in the Agreed Confidentiality Order.

On January 10, 2025, Plaintiff's counsel asked Defendants about the bases for their redactions and blanket designations. (Ex. A). As to the redactions, Defendants claimed that they were applied to hide information that is irrelevant to the issues in this litigation. (*Id.* at 5). Unsatisfied with their response, Plaintiff's counsel asked why Defendants redacted some irrelevant information, while leaving other purportedly irrelevant information unredacted. (*Id.*) ("[I]t is still unclear to me why Defendants redacted some information they contend is irrelevant but left other purportedly irrelevant information unredacted."). Defendants failed to respond to this point. (*See id.* at 4-5). Plaintiff's counsel also informed Defendants that a comparison between the previously produced, unredacted version of the February 2022 Report and the newly produced, redacted version reveals that Defendants [redacted] (*Id.*; and redacted and unredacted versions of the February 2022 Report attached as Exhibits B and C)). To this, Defendants merely reiterated that they contend the information redacted is irrelevant to the issues at the center of this case. (*Id.* at 4).

As to the blanket designations, Defendants accused Plaintiff—without any support—of "inten[ding] to publish and/or otherwise disseminate" Defendants' private commercial information. (Ex. A at 2). Defendants then went on to state that "[d]issemination outside of the scope of this litigation of the private commercial information…produced…increases the risk of harm due to safety, security and business [concerns.]" (*Id.*) It then described those issues to

[1] The redactions read "Redacted – NR Sensitive Info."

include, among other things, "internet, telephone and other forms of criminal and non-criminal fraud," "disinformation and misinformation," and "detriment to industrial and competitive advantage *vis a vis* availability to competitors." (*Id.*).

On January 17, 2025, the parties met and conferred in an unsuccessful attempt to resolve the discovery deficiencies. Plaintiff now moves to compel Defendants to re-produce their documents without redactions and to de-designate all documents that do not comport with the Agreed Confidentiality Order.

## II. ARGUMENT

Rule 37 permits a party seeking discovery to move to compel production of documents or a disclosure required by FED. R. CIV. P. 26(a) where the responding party has provided evasive or incomplete responses. FED. R. CIV. P. 37(a)(3). Plaintiff has made good faith efforts to obtain the requested information without redactions and over-designations, but Defendants have failed to comply.

### A. Neither Rule 26 Nor the Confidentiality Order Permit Redactions Based on Relevancy or Sensitivity

At the outset, Defendants' practice of redacting sections of otherwise responsive material based on their own assessment of relevancy undermines the strictures of Rule 26. Relevancy redactions "find no explicit support in the Federal Rules of Civil Procedure, and the only bases for withholding portions of a document in the Rules are claims of privilege and work product protections." *Idc Fin. Publ. Bonddesk Grp.*, No. 15-cv-1085-pp, 2017 U.S. Dist. LEXIS 177626, at *6 (E.D. Wis. Oct. 26, 2017) (citing *Burris v. Versa Products, Inc.*, No. 07-3937 (JRT/JJK), 2013 U.S. Dist. LEXIS 21851, at *3). The practice also undermines the broad scope of discovery set by Rule 26(b)(1), which allows for discovery of any material relevant to any party's claim or defense. Fed. R. Civ. P. 26(b)(1). To that end, [w]hat constitutes relevant information is often a

matter of judgment, and even irrelevant information within a document that contains relevant information may be highly useful to provide context for the relevant information." *EEOC v. Dolgencorp, LLC*, No. 13-cv-04307, 2015 U.S. Dist. LEXIS 58994, at *6-7 (N.D. Ill. May 5, 2015). Here, Defendants repeatedly redacted large portions of responsive documents, leaving Plaintiff to guess why certain unredacted portions are relevant and what information is being withheld. (*See* Excerpt of redacted information produced by Defendants, attached as Exhibit D)

In addition to flouting procedural rules, the practice also carries significant potential for abuse. Indeed, courts have heavily criticized relevancy redactions as a practice that "fuel[s] mistrust about the redactions' propriety" and "improperly incentivize parties to hide as much as they dare." *Bonddesk Grp.*, 2017 U.S. Dist. LEXIS 177626 at *6-7; *Burris v. Versa Prods.*, No. 07-3938 (JRT/JJK), 2013 U.S. Dist. LEXIS 21851, at *8 (D. Minn. Feb. 19, 2013) (same); *In re State Street Bank and Trust Co. Fixed Income Funds Inv. Litig.*, 2009 U.S. Dist. LEXIS 34967, at *6 (S.D.N.Y. Apr. 8, 2009) ("[S]uch redactions…breed suspicions[.]")

In the context of the instant case, good reason exists to distrust the redactions contained in Defendants' December production. Indeed, while Defendants argue that the redactions are meant to cover non-relevant information, they have admitted that some of the non-relevant information in the February 2002 Report is left unredacted. (*See* Ex. A at 5-6) ("We are not taking the position that any information…produced in response to your discovery is necessarily relevant to the litigation.")

And Plaintiff's concerns about the propriety of Defendants redactions is not based on mere speculation – there is proof that Defendants are withholding potentially relevant information that could support Plaintiff's claim. Indeed, comparing the redacted version of the February 2022 Report with the unredacted version previously produced reveals their gamesmanship: Defendants exclusively redacted [redacted]

"[redacted] (*Compare* Ex. B at 1 *with* Ex. C at 1.) Pages 2, 9, and 10 also show that [redacted] (*Compare* Ex. B at 2, 9-10 *with* Ex. C at 2, 9-10.). [redacted]

Whether the Takeya bottle [redacted] parts of their production testing is highly relevant to the claims and defenses presented in this case – which implicates the quality of the ThermoFlask bottle and Defendants testing of that product. Given that Defendants selectively redacted [redacted], all other redactions in the December production "breed suspicion." Defendants cannot be trusted to the arbiter of relevancy in this case, and they should be compelled to reproduce the documents without redactions. *State Street Bank,* 2009 U.S. Dist. LEXIS 34967, at *6.

Any argument that the redactions are needed to protect against the disclosure of sensitive information is also unavailing. The Agreed Confidentiality Order entered in this case already provides the mechanism by which Defendants can protect truly sensitive information from unwanted disclosure. Moreover, the Order itself specifically bars parties from withholding information—as Defendants did here—"on the ground that it requires protection greater than that afforded by [the] Order unless the party moves for an order providing such protection." (Dkt. 27 ¶ 8). Defendants have failed to move the court for additional protections (they are not entitled to additional protections in any event) and should therefore be compelled to reproduce their documents without redactions and in accordance with the Agreed Confidentiality Order.

**B. Blanket Confidentiality Designations Are Not Permitted Under the Confidentiality Order nor Federal Law**

Under federal law, litigants are required to make a good faith effort to designate material in accordance with the applicable protective order. *See Meharg v. Astrazeneca Pharms. LP*, 2009 U.S. Dist. LEXIS 83847, at *6-7 (S.D. Ind. Sep. 14, 2009) ("To minimize such disputes and the need for judicial involvement, and consistent with notions of fair play, all parties must act in good faith when designating documents as confidential.") The Agreed Confidentiality Order in this case allows confidentiality designations only if a document falls within one or more of the enumerated categories specified therein. (Dkt. 7 ¶ 2).[2] Defendants have violated this mandate by designating every document in their production as confidential without any legitimate basis or tie to the protected categories.

Indeed, a cursory review of Defendants' production shows that many of the designated documents do not fit within any of the categories. For example, Defendants designated a highly redacted email and a document that simply indicates it is being withheld based on responsiveness. (*See, e.g.*, Exhibit D, at pp. 3-4) Defendants cannot abdicate their responsibilities under the Confidentiality Order by designating their production wholesale.

Even the designations over the February 2022 Report fail to pass muster. Indeed, federal courts repeatedly reject confidentiality designations over product testing reports like the February 2022 Report. *See e.g., In re Aqua Dots Prods. Liab. Litig.*, No. 1-08-cv-2364, 2009 U.S. Dist. LEXIS 52643 at *11 (N.D. Ill. June 23, 2009). There, this Court compelled the

[2] Specifically, the Order states that "Confidential Information" means information designated as "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" by the producing party that falls within one or more of the following categories: (a) information prohibited by disclosure by statute; (b) information that reveals trade secrets; (c) research, technical, commercial or financial information that the party has maintained as confidential; (d) medical information concerning any individual; (e) personal identity information; (f) income tax returns (including attached schedules and forms); W-2 forms and 1099 forms; or (g) personnel or employment records of a person who is not a party to the case. Information or documents that are available to the public may not be designated as Confidential Information." (Dkt. 27 ¶ 2).

defendants to de-designate laboratory test results over arguments that the documents revealed product testing techniques that competitors could use to the defendants' disadvantage. *Id.* In doing so, the Court stated that "[the] [d]efendants have to make more than 'conclusory' statements to demonstrate that the 'end results' of testing should be protected." *Id.* To that end, the designating party must make a 'specific demonstration[] of fact[]'" that disclosure will lead to "a clearly defined and very serious injury." *Id.* at 3-11. Here, in support of their designations, Defendants have only provided a laundry list of "safety, security and business concerns," including "internet, telephone and other forms of criminal and non-criminal fraud," "disinformation and misinformation," and "detriment to industrial and competitive advantage *vis a vis* availability to competitors." (Ex. C at 3.) But it is not enough to merely provide a list of woes. The law requires Defendants to show how disclosure would lead to a specific injury, and they have not done so here.

For the reasons above, the Court should compel Defendants to do so.

## III. CONCLUSION

For the aforementioned reasons, Plaintiff respectfully requests an Order ruling that:

1. Defendants must re-produce documents without redactions, unless the redactions conceal privileged attorney-client communications and/or work product protected material.
2. Defendants are to re-produce documents without improper confidentiality designations.

## CERTIFICATION OF COMPLIANCE WITH L.R. 37.2 AND § 9(B) OF THE AGREED CONFIDENTIALITY ORDER (DKT. 27)

I, Seth Corthell, certify that, from January 10 to 16, 2025, I exchanged correspondence with Defendants' counsel concerning redactions in Defendants' December 19, 2024 production of documents as well as the over-designation of documents in that production. Furthermore, I certify that I, located in Chicago, Illinois, consulted with counsel for Defendants Takeya USA Corporation and Costco Wholesale Corporation, location unknown, via video conference on January 17, 2025. During the video conference the parties' counsel discussed Defendants' discovery deficiencies. Defendants' counsel ultimately refused to remove the inappropriate redactions and the parties reached an impasse. As to the Confidentiality Designations, Defendants' counsel acknowledged that at least some of the designations were inappropriate but would not agree to reproduce the December 19, 2024 production with all inappropriate designations removed.

As such, although Plaintiff and Defendants complied with the meet and confer requirements of L.R. 37.2 and § 9(b) of the Agreed Confidentiality Order and engaged in good faith to resolve the discovery issues laid out in this motion, through no fault of myself, the parties were not able to reach an accord.

*/s/ Seth H. Corthell*

Dated: February 26, 2025

Respectfully submitted,

*/s/ Seth H. Corthell*
Daniel I. Schlessinger
Martin W. Jaszczuk
Margaret M. Schuchardt
Seth H. Corthell
Akshay Soman
**JASZCZUK P.C.**
311 South Wacker Drive
Suite 2150
Chicago, Illinois 60606
Tel: (312) 442-0509
dschlessinger@jaszczuk.com
mjaszczuk@jaszczuk.com
mschuchardt@jaszczuk.com
scorthell@jaszczuk.com
asoman@jaszczuk.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been filed electronically using the Court's CM/ECF system and has been served to all parties via email through CM/ECF on this 26th day of February 2025.

*/s/ Seth H. Corthell*_________