IN THE UNITED STATES DISTRICT COURT
FOR THE NORHTERN DISTRICT OF ILLINIOS EASTERN DIVISION

| | | |
|---|---|---|
| GRZEGORZ BODUCH, individually and on behalf of others similarly situated, | ) | |
| Plaintiff, | ) | |
| vs. | ) | No. 24-cv-02701 |
| TAKEYA USA CORPORATION and COSTCO WHOLESALE CORPORATION, | ) | |
| Defendants. | ) | |

**TAKEYA USA CORPORATION AND COSTCO WHOLESALE CORPORATION'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL AND DE-DESIGNATE**

In response to Plaintiff's motion to compel removal of: **1)** relevancy redactions; and **2)** umbrella confidentiality designations to voluminous documents produced in discovery, Defendants, Takeya USA Corporation ("Takeya") and Costco Wholesale Corporation ("Costco"), respectfully request that this Honorable Court enter an order denying Plaintiff's motion and in support state the following:

**Introduction**

Plaintiff filed a motion requesting that this Court enter an order compelling Takeya and Costco to remove: **1)** relevancy redactions; and **2)** umbrella confidentiality designations to voluminous documents they produced in discovery.

However, as set forth in detail below, Takeya and Costco respectfully submit that an order denying Plaintiff's motion should be entered because:

**1.** Relevancy redactions are necessary and proper because Plaintiff is not entitled to compel production of any potential type of product or performance issues of any kind simply because he was injured in a specific alleged manner, under specific alleged circumstances, due to specific alleged design features of a bottle; and

**2.** Umbrella confidentiality designations are necessary and proper to protect Takeya and Costco from the unnecessary and avoidable: **a)** burden and expenditure of significant, time, effort and expense associated with document-by-document demonstrations of confidentiality of the voluminous private commercial documentation produced in discovery; and **b)** risk of serious implication of the private interests of Takeya and Costco and their non-party employees, customers, clients and vendors communicated with and identified within the documentation produced in discovery associated with publication or dissemination thereof.

For these reasons Takeya and Costco respectfully request that this Honorable Court enter an order denying Plaintiff's motion to compel removal of: **1)** relevancy redactions; and **2)** umbrella confidentiality designations to voluminous documents produced in discovery.

**Legal Analysis**

**1. Relevancy redactions are necessary and proper because Plaintiff is not entitled to compel production of all potential type of product or performance issues of any kind simply because he was injured in a specific alleged manner, under specific alleged circumstances, due to specific alleged design features of a bottle.**

There are limits to the acceptable and appropriate scope of discovery. *Spano v. Boeing Co.*, 2008 U.S. Dist. LEXIS 31306, *6-7 (S.D. Ill. 2008); *Abbott v. Lockheed Martin Corp.*, 2009 U.S. Dist. LEXIS 15329, *5 (S.D. Ill. 2009).

Significantly, as the Court explained in *Acuna v. Rudzinski*:

> "The parties to civil litigation have the right to conduct discovery only by virtue of the discovery rules and court orders necessary to enforce those rules. And **the purpose of discovery is limited**. The only basis that we are aware of for permitting discovery in federal civil cases is Rule 26(b)(1) of the Federal Rules of Civil Procedure which provides:
>
> Parties may obtain discovery regarding any matter not privileged, that is **relevant to the claim or defense of any party**…"

*Acuna v. Rudzinski*, 2001 U.S. Dist. LEXIS 18848, *12 (N.D. Ill. 2001) (emphasis added); *Seattle Times Co. v. Rinehart*, 467 U.S. 20, 34 (1982); Fed. R. Civ. P. 26(b)(1) ("…**and** "**proportional to the needs of the case**, **considering** the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the information, the parties' resources, **the**

**importance of the discovery in resolving the issues**, and whether the burden or expense of the proposed discovery outweighs its likely benefit.") (emphasis added).

Accordingly, "**[c]ourts frequently restrict discovery based on relevance.**" *Spano*, 2008 U.S. Dist. LEXIS 31306, *5-6 ; *Abbott*, 2009 U.S. Dist. LEXIS 15329, *5-6 (internal citations omitted).

And Plaintiff's argument that the "confidentiality" order precluded any "relevancy" redactions because the "confidentiality" order precludes information from being withheld greater than as set forth in the order, is a logically flawed exercise in comparing apples (*i.e.*, confidentiality) to oranges (*i.e.*, relevance). "Relevancy" is an entirely separate and distinct legal issue for which redactions are appropriate. The same would be true for redactions made due to a claim of privilege or other legal issues divergent from confidentiality.

In this regard, as courts have correctly explained, protective orders for confidentiality are not a substitute for establishing relevance or need because the purpose of protective orders for confidentiality is to prevent harm by limiting disclosure of relevant and necessar*y* information. *Micro Motion, Inc. v. Kane Steel Co.*, 894 F.2d 1318, 1325, 1328 (Fed. Cir. 1990) (emphasis added) ("…a protective order which limits to whom information may be disclosed does not eliminate the requirements of relevance and need for information."); *Cacique v. Robert Reiser & Co.,* 169 F.3d 619, 622-623 (9th Cir. 1999) (emphasis added) ("The district court's grant of a protective order [re confidentiality] does not absolve Cacique from showing that the information sought is relevant."); *See also e.g.*, *Spano*, 2008 U.S. Dist. LEXIS 31306, *7-8 (the Court noted that production of documents undertaken pursuant to a confidentiality agreement yet held that defendants relevancy redactions *vis a vis* the complaint allegations were proper).

Applying these principles, Courts have held that redactions to documents produced in discovery are an appropriate method to limit document production where the information redacted is not relevant to the issues in the case. *LKQ Corp. v. Kia Motors Am., Inc.*, 2023 U.S. Dist. LEXIS 84551, *17-19 (N.D. Ill. 2023) ("it is not unusual for a party to redact irrelevant information"); *Abbott*, 2009 U.S. Dist. LEXIS 15329, *5-6; *Spano*, 2008 U.S. Dist. LEXIS 31306, *7-8; *See also e.g.*, *Nazar v. Harbor Freight Tools USA Inc.*, 2019 U.S. Dist. LEXIS 232999 *9-10 ("Plaintiff offers no legal basis for the proposition that discussing two products in the same communication makes information regarding one as discoverable as information regarding the other, and the Court declines to adopt such a rule. Accordingly, Plaintiff's conclusory assertion that discovery of the redacted documents is directly relevant to Plaintiffs' claims is insufficient, and his motion to compel such production is denied.")

For example, in *Spano v. Boeing Co.*, the Court explained as follows:

> **The Court also rejects Plaintiffs' arguments that redaction is an improper method of challenging the relevance of a document**. Although not specifically addressed in the Rule other courts have found redaction appropriate where the information redacted was not relevant to the issues in the case.
>
> To their credit, the Defendants produced the document containing irrelevant information with redacted portions instead of not producing the documents at all.
>
> **Thus, the Court concludes that the redaction of information on plans other then (sic) the VIP plan was acceptable because the information is not relevant to the issues in the case and not reasonably calculated to lead to the discovery of admissible evidence**.

*Spano*, 2008 U.S. Dist. LEXIS 31306.*7-8 (emphasis added); *and Abbott*, 2009 U.S. Dist. LEXIS 15329, *5-6.

So too here. In the motion to compel and de-designate, when requesting removal of relevancy redactions from documents produced by Takeya and Costco, Plaintiff omits and fails to reference or discuss: **1)** the specific facts of the alleged incident and injury which occurred; or **2)**

the specific design defect and/or related inadequate warnings which Plaintiff alleges caused the occurrence in the complaint. (Plaintiff's Motion to Compel and De-Designate, Dkt. 53).

These omissions and failure are significant, because it is the: **1)** alleged manner and circumstances of occurrence and injury; and **2)** allegedly defective design features of the bottle and warnings related to risks associated with those specific design features which Plaintiff claims to have caused the occurrence, which define the scope of: **1)** relevant and proper discovery requests; and **2)** appropriate discovery responses and redactions.

The complaint allegations frame the relevant issues here. In short, Plaintiff alleges that:

**1.** He suffered a scalding injury on his hand from hot water that came from inside his water bottle, when the lid burst from the bottle, while he was holding it in one hand, after he had properly closed the lid; and

**2.** The following design defects caused the lid to burst from the bottle:

- **a.** The close fit between the stainless steel of the neck of the bottle and the plastic of the lid at room temperature was prone to failure when the steel and plastic expanded at different rates when subjected to the heat from the hot water inside the bottle;

- **b.** There were: **i)** two threads joining the neck of the bottle with the lid through approximately 25% of the circumference of the lid/neck connection; and **ii)** one thread joining the neck of the bottle with the lid through approximately 25% of the circumference of the lid/neck connection increasing the probability of separation at high temperature; and

- **c.** The lid was made of inferior plastic not suited to withstand the pressures associated with high temperature liquids; and

**3.** Plaintiff was not adequately warned that the lid could burst from the bottle and spill hot water *via* a written warning insert or contained inside the bottle.

(Exhibit A, Plaintiff's Complaint, with ¶¶ 1, 14-18, 31-33, highlighted, Dkt. 1). Thus, the scope of relevant and proper discovery requests are limited to these issues.

By contrast, what was redacted were [redacted] (*e.g.*, test results) different from [redacted] issues alleged in Plaintiff's complaint to have

caused the occurrence. For example, [redacted] Such [redacted] information is causally immaterial and irrelevant to the present litigation because [redacted] *See e.g.*, *Sikkelee v. Precision Airmotive Corp.*, 522 F. Supp. 3d 120, 158-159 (M.D. Pa. 2021) ("Evidence of other alleged carburetor defects is not relevant to whether allegedly loose carburetor screws—caused by Lycoming's use of lock-tab washers—caused the accident at issue here. Although Sikkelee argues that such evidence is admissible to establish her design-defect-claim, the court rejects any notion that purported defects in the carburetor that are undeniably not linked to the accident at issue here may be introduced to prove Sikkelee's claim of a design defect in the carburetor.").

Accordingly, here, as in *LKQ Corp. v. Kia Motors Am., Inc.*, *Abbott v. Lockheed Martin Corp.*, *Spano v. Boeing Co.*, and *Nazar v. Harbor Freight Tools USA Inc.*, relevancy redactions are proper. Plaintiff is not entitled to compel production of any potential type of product or performance information of any kind and Takeya and Costco are entitled to redact product or performance information that differ from and are causally irrelevant to the alleged: **1)** nature and circumstances of occurrence; and **2)** defective design features of the bottle (and warnings related to risks associated with those design features) which Plaintiff alleges caused the occurrence.

In short, simply because Plaintiff was injured in a specific alleged manner, under specific alleged circumstances, due to specific alleged design features of a bottle and alleged inadequate warnings related to risks associated with those design features, does not entitle Plaintiff to compel production of any potential type of product or performance information of any kind.

Plaintiff's reliance on comparison of redacted and unredacted versions of a testing report which were attached to the motion to compel and de-designate is similarly misplaced. These

documents illustrate that what was redacted from that testing report was [redacted] information different from that alleged by Plaintiff and causally immaterial and irrelevant to the: **1)** alleged manner and circumstances of occurrence; and **2)** allegedly defective design features of the bottle which Plaintiff claims to have caused the occurrence.

Plaintiff attached two versions of a testing report to the motion to compel and de-designate, a redacted version and an unredacted version. (Exhibits B and C to Plaintiff's Motion to Compel and De-Designate, Dkt. 53). In the redacted version information was redacted [redacted] (Exhibits B to Plaintiff's Motion to Compel and De-Designate, pp. 1, 2, 5, 8-10, 32-34, Dkt. 53). Review and comparison of the two versions of the reports demonstrates [redacted] (Compare pp. 1, 2, 5, 8-10, 32-34 of Exhibits B and C to Plaintiff's Motion to Compel and De-Designate, Dkt. 53).

The substance of the information redacted [redacted] (Exhibit B, Segregated Substance of the "Redacted" Language from pp. 1, 2, 5, 8-10, 32-34 the Test Report Attached as Exhibit C to Plaintiff's Motion to Compel and De-Designate).

First, the highlighted redacted language demonstrates t[redacted] is different from that alleged in Plaintiff's Complaint and is not causally material or relevant to the present litigation because Plaintiff has not alleged that he was injured [redacted]

(Exhibit B, Segregated Substance of the "Redacted" Language from pp. 1, 2, 5, 8-10, 32-34 the Test Report Attached as Exhibit C to Plaintiff's Motion to Compel and De-Designate).

Second, the highlighted redacted language further demonstrates that [redacted] different from the allegations in Plaintiff's Complaint are not causally material or relevant to the present litigation because Plaintiff has not alleged that he was injured due [redacted] (Exhibit B, Segregated Substance of the "Redacted" Language from pp. 1, 2, 5, 8-10, 32-34 the Test Report Attached as Exhibit C to Plaintiff's Motion to Compel and De-Designate).

Additionally, contrary to Plaintiff's unnecessary and inflammatory characterization that on January 10th, Defendants claimed that the redactions were applied to "**hide information**" (Plaintiff's Motion to Compel and De-Designate, p. 3, Dkt. 53), Takeya and Costco did not make the statement alleged on January 10th, 2025.

Rather, on January 10th, 2025, Takeya and Costco reiterated statements made during earlier discussions in the fall of 2024, prior to the production of documents they produced in discovery in December of 2024, in which they expressly advised Plaintiff that they did not intend to produce documents and information regarding other product and performance issues different from those alleged in Plaintiff's Complaint. (Exhibit A to Plaintiff's Motion to Compel and De-Designate, pp. 5-6, Dkt. 53). These discussions occurred during two separate telephone conferences regarding the scope of search terms that were being negotiated among the parties.

Based on these earlier conversations, Takeya and Costco believed the parties had an understanding on this issue prior to the production of the 150,000 pages of documents they produced in discovery in December of 2024 and prior to Plaintiff requesting removal of the

relevancy redactions in January of 2025. *See Abbott*, 2009 U.S. Dist. Lexis 15329, *4 (court noted that (as here) defendants believed there was an understanding among the parties that only defined contribution plan documents would be produced when allowing redactions as to other plan documents in case approving redactions).

Finally, the fact that Takeya and Costco did not concede that other portions of documents produced are necessarily relevant (*See* Plaintiff's Motion to Compel and De-Designate, p. 4-5, Dkt. 53) is of no consequence to the fact that they redacted [redacted] information different from that alleged by Plaintiff in the complaint. Plaintiff's argument to the contrary is a *non sequitur*.

For these reasons, Takeya and Costco respectfully submit that denial of Plaintiff's motion to compel Takeya and Costco to remove the relevancy redactions contained within the voluminous documentation produced in discovery is necessary and proper.

**2. Umbrella confidentiality designations are necessary and proper to protect Takeya and Costco from the unnecessary and avoidable: a) burden and expenditure of significant, time, effort and expense associated with document-by-document demonstrations of confidentiality of the voluminous private commercial documentation produced in discovery; and b) risk of serious implication of the private interests of Takeya and Costco and their non-party employees, customer, clients and vendors communicated with and identified within the documentation produced in discovery associated with publication or dissemination thereof.**

"Discovery rules are a matter of legislative grace." *Bond v. Utreras*, 585 F.3d 1061, 1074-1075 (7th Cir. 2009); *citing to Seattle Times Co.*, 467 U.S. at 34. Thus, the parties to civil litigation have the right to conduct discovery only by virtue of the discovery rules and court orders necessary to enforce those rules. *Acuna*, 2001 U.S. Dist. LEXIS 18848, *13. And "…**discovery is provided for the sole purpose of assisting in the preparation and trial, or the settlement, of litigated disputes**." *Id.*; *Seattle Times Co.*, 467 U.S. at 34 (emphasis added).

Additionally, "generally, pre-trial discovery is conducted in **private** as a matter of modern practice". *Id. at* 33; *Bond*, 585 F.3d 1074-1076 (emphasis added ); *Looney v. Moore*, 2014 U.S. Dist. LEXIS 48349, *3-5 (N.D. Ala. 2014) (the Court denied a motion to modify a protective order which restricted the use of materials produced in discovery to the litigation).

And Courts recognize that discovery has a **significant potential for abuse**. "This abuse is not limited to matters of delay and **expense**; discovery also **may seriously implicate private interest of litigants and third parties**." *Seattle Times Co.*, 467 U.S. at 34-35 (emphasis added).

Accordingly, FRCP 26(b)(1) limits the scope of discovery to documentation that is "relevant to a party's claim or defense" as well as "**proportional to the needs of the case**, **considering** the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the information, the parties' resources, the importance of the discovery in resolving the issues, and whether **the burden or expense of the proposed discovery outweighs its likely benefit**." Fed. R. Civ. P. 26(b)(1) (emphasis added).

Consistent with these four precepts:

**1.** The sole purpose of discovery limited to the preparation and trial, or the settlement, of litigated disputes;

**2.** The private nature of pre-trial discovery;

**3.** The potential for abuse associated with: **a)** the expense associated with discovery; and **b)** the private interests of litigants and non-parties; and

**4.** The related proportionality limitations applicable to discovery;

in cases involving the production of voluminous documentation, where the production is difficult, expensive and time consuming, in order to avoid the unnecessary and avoidable burden and imposition of expenditure of significant, time, effort and expense associated with document-by-document demonstrations of confidentiality, Courts have indicated a willingness to allow

umbrella confidentiality designations. *In re Brand Name Prescription Drugs Antitrust Litig.*, 1996 U.S. Dist. LEXIS 1908, *13 (N.D. Ill. 1996); *See also e.g.*, *In re Alexander Grant & Co., Litigation*, 820 F. 2d 352, 356-357 (11th Cir. 1987) ("The reality of today's world have shown that discovery and the exchange of information can become extremely difficult.").

For example, in *In re Brand Name Prescription Drugs Antitrust Litig.*, when denying a motion to declassify confidentiality provisions, the Court explained as follows:

> "Dow Jones next suggests that we have abdicated our supervision of the discovery process by **not requiring the defendants to prove on a document-by-document basis the sensitive nature of each document withheld as confidential**. To say that such a document-by-document review would be "unfeasible" in what had become an enormous, and perhaps unprecedented, discovery effort would be an understatement. Tens of millions of documents have been produced to the plaintiffs alone. The Manual for Complex Litigation, Third, advocates the use of protective orders such as the one entered in this action, stating that in complicated cases "**when the volume of potentially protected materials is large, an umbrella order will expedite production, reduce costs, and avoid the burden on the court of document-by-document adjudication**."

*In re Brand Name Prescription Drugs Antitrust Litig.*, 1996 U.S. Dist. LEXIS 1908, *13 (emphasis added).

So too here. First, currently this matter is in the "private" pre-trial stage of litigation for sole purpose of allowing the Plaintiff to litigate this dispute. Second, Takeya and Costco have produced voluminous private commercial documentation in discovery (150,000 or so pages of material) at significant expense (in excess of $200,000) which includes, but is not limited to, correspondence with (and other documents identifying) non-party employees, customers, clients and vendors. Third, Plaintiff may use this voluminous private commercial documentation produced in discovery within this litigation which is the sole purpose for which discovery of this documentation was allowed. Fourth, the expense associated with review and production of this voluminous discovery as well as the significant potential for abuse and serious implication of the

private interests of Takeya and Costco and their non-party employees, customers, clients and vendors communicated with and identified within the 150,000 pp. of private commercial documentation produced in discovery (whether intended or inadvertent) associated with publication or dissemination of the voluminous private commercial documentation produced by Takeya and Costco are valid concerns recognized by the Courts and provide good cause to allow the umbrella confidentiality designations made by Takeya and Costco.

Moreover, it is undeniable that the threat and potential for abuse and serious implication of the private interests of parties (*e.g.*, Takeya and Costco) and third parties (*e.g.*, non-party employees, customers, clients and vendors) associated with publication or dissemination of private documentation has grown exponentially in recent years. *See e.g.,* Governmental publications and reports regarding the prevalence of cybercrime and serious harm it poses *via* access to corporate and personal information in the digital/internet age: Exhibit C, *Judiciary Addresses Cybersecurity Breach: Extra Safeguards to Protect Sensitive Court Records (January 6, 2021)*; Exhibit D, *U.S. Dept. of Homeland Security, U.S. Immigration and Customs Enforcement, Cybercrime (February 8, 2025)*; Exhibit E, *United Nations Office on Drugs and Crime, Comprehensive Study on Cybercrime (Feb. 2013)*; Exhibit F, *Federal Bureau of Investigation, Internet Crime Report (2021)*; Exhibit G, *Federal Trade Commission, Social Media: A Golden Goose for Scammers (Oct. 2023);* Exhibit H, *Dept. of Health and Human Services, HIPAA Security Rule to Strengthen the Cybersecurity of Electronic Protected Health Information (2025)*.

In this regard, as reflected in the governmental publications and reports referenced above and in the exhibits hereto, this Court may, and respectfully should, take judicial notice of the significant threat posed by the myriad types of potential abuse and harm associated with publication or dissemination of the voluminous private commercial documentation produced in

discovery that Takeya and Costco (as well as their non-party employees, clients, customers and vendors communicated with and identified within the documentation produced in discovery) would be unnecessarily exposed to due to the ever increasing pervasiveness of sophisticated internet, telephone and other forms of criminal and non-criminal fraud and malicious conduct levied against both individuals and companies, including harassment, spreading of disinformation and misinformation or "fake news", internet fraud, identity theft, hacking, phishing, trolling, link manipulation, brandjacking, extortion and/or sabotage *via* use of malware such as ransom ware, spyware, viruses, worms, spam and other forms of cybercrime. Fed. R. Evid. 201(b); *GE Capital Corp. v. Lease Resolution Corp.,* 128 F.3d 1074, 1081 (7th Cir. 1997) (Judicial notice may be taken of an adjudicative fact that is: **1)** not subject to reasonable dispute; and **2)** either: **a)** generally known within the territorial jurisdiction of the trial court or **b)** capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.); *See also e.g.*, *Williams-Saddler v. Lancaster*, 2024 U.S. Dist. LEXIS 70512, at *8-9 (N.D. Ill. 2024) (The Judicial notice taken *vis a vis* the City's Law Department's annual report of "Judgment and Settlement Payment Requests".); *Denan v. Trans Union LLC*, 959 F.3d 290, 294 n.3 (7th Cir. 2020) (Judicial notice taken *vis a vis* a report from the Consumer Financial Protection Bureau.).

Takeya and Costco (as well as their non-party employees, customers, clients and vendors communicated with and identified in the documentation produced in discovery) will be unnecessarily exposed to this threat absent confidentiality designations (or alternatively an order restricting usage and/or dissemination) maintained for their protection.

Thus, under these circumstances, in today's evolving and risk prone internet environment, in order to: **1)** avoid the unnecessary burden and imposition of the expenditure of additional, significant time, effort and expense associated with a document-by-document demonstration of

confidentiality of the voluminous private commercial documentation produced in discovery by Takeya and Costco (who would need to spend additional, significant time, effort and money on a document-by-document targeted confidentiality designation review of that documentation for the reasons set forth herein among others including, but not necessarily limited to, *e.g.*, trade secrets; proprietary information; *et al*.); and also **2)** protect Takeya and Costco (as well as their non-party employees, clients, customers and vendors) from the unnecessary and avoidable risk of significant and serious harms set forth above associated with publication or dissemination of the voluminous private commercial documentation produced in discovery, it is necessary and proper for this Court to allow the umbrella confidentiality designations to stand, at least at this stage of the litigation, during the private discovery process (or alternatively to order usage and/or dissemination restrictions) *vis a vis* the voluminous documentation produced in discovery. Either of these reasons alone provides a sufficient sound and valid basis supporting the use of the umbrella confidentiality designations here.

By contrast, Takeya and Costco respectfully submit that it would be profoundly imprudent, unsafe and unfair (as well as inefficient) to expose them: **1)** to the unnecessary and avoidable, burden and imposition of the additional expenditure of significant time, effort and expense associated with a document-by-document demonstration of confidentiality of the voluminous private commercial documentation they produced in discovery; and **2)** (and their non-party employees, customers, clients and vendors) to the unnecessary and avoidable risk of serious implication of their private interests associated with publication or dissemination thereof the voluminous private commercial documentation they produced in discovery.

If this case proceeds to trial (the public phase of the case), then the parties will submit lists of proposed exhibits (which will be a fraction of the voluminous documents produced in discovery)

for ruling on potential admission and use at trial, and at that time, if necessary, any issues of confidentiality as to exhibits, may be efficiently addressed on a document-by-document basis.

Finally, Takeya and Costco wish to note that contrary to Plaintiff's unnecessary and inflammatory characterization that Defendants "**accused**" Plaintiff of "inten[ding] to publish or disseminate" the private commercial information produced, Takeya and Costco expressed that the email correspondence from Plaintiff on this issue "**raised concerns** as to an intent to publish or disseminate the private commercial information obtained within the context of this litigation outside the scope of this litigation". (Plaintiff's Motion to Compel and De-Designate, p. 1, Dkt. 53). Expressing concerns is not the same as making an accusation.

For these reasons, Takeya and Costco respectfully submit that denial of Plaintiff's motion to compel Takeya and Costco to remove the umbrella confidentiality designations for the voluminous documentation produced in discovery is necessary and proper.

**Conclusion**

For the reasons set forth above, Takeya and Costco respectfully request that this Honorable Court enter an order denying Plaintiff's motion to compel removal of: **1)** relevancy redactions; and **2)** umbrella confidentiality designations to voluminous documents produced in discovery.

Date: March 17, 2025

s/ *Rick Kenyon*
Rick Kenyon

Pretzel & Stouffer, Chtd.
200 S. Wacker Dr., Suite 2600
Chicago, IL 60606
Tel: (312) 578-7405
Fax: (312) 346-8242
rkenyon@pretzel-stouffer.com

**CERTIFICATION OF COMPLIANCE WITH L.R. 37.2 AND THE AGREED CONFIDENTIALITY ORDER (DKT. 27)**

I, Rick Kenyon, certify that, from January 10th to 16th, 2025, I exchanged email correspondence with Plaintiff's counsel concerning the current discovery dispute. (Exhibit A to Plaintiff's Motion to Compel and De-Designate, pp. 5-6, Dkt. 53). Furthermore, I certify that I, located in Chicago, Illinois, consulted with counsel for Plaintiff, location unknown, *via* video conference on January 17, 2025. During the video conference the parties' counsel discussed the current discovery dispute consistent with the issues set forth in that email correspondence but the parties unfortunately reach an impasse subsequent to that time as communicated by Plaintiff's counsel in an email dated February 25th, 2025.

As such, although Plaintiff and Defendants complied with the meet and confer requirements of L.R. 37.2 and § 9(b) of the Agreed Confidentiality Order and engaged in good faith to resolve the discovery issues laid out in the correspondence refenced above, Plaintiff's motion and Takeya and Costco's response, though no fault of myself, the parties were not able to reach an accord.

*/s/ Rick Kenyon*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been filed electronically using the Court's CM/ECF system and has been served to all parties via email through CM/ECF on this 17th day of March 2025.

/s/Josefina Medina